# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| CASSANDRA SIMON, SYDNEY TESTMAN, MIGUEL LUNA, ISABELLA CAMPOS, DANA PATTON, RICHARD FORDING AND THE ALABAMA STATE CONFERENCE OF THE NAACP<br><br>Plaintiffs,<br><br>v.<br><br>KAY IVEY in her official capacity as Governor of Alabama and President Ex-Officio of the University of Alabama Board of Trustees, SCOTT PHELPS in his official capacity as President Pro Tempore, University of Alabama Board of Trustees, MIKE BROCK, KAREN BROOKS, MYLA E. CALHOUN, RONALD GRAY, JEFF GRONBERG, O.B. GRAYSON HALL JR., BARBARA HUMPHREY, W. DAVIS MALONE III, EVELYN VANSANT MAULDIN, HARRIS MORRISSETTE, J. STEVEN ROY, KENNETH SIMON, MARIETTA URQUHART and KENNETH VANDERVOORT in their official capacities as members of the University of Alabama Board of Trustees<br><br>Defendants. | Case No. 2:25-cv-00067-MHH<br><br>*Oral Argument Requested* |

1

## **PLAINTIFFS' OPPOSED MOTION FOR PRELIMINARY INJUNCTION**

Plaintiffs Cassandra Simon, Richard C. Fording, Dana Patton, Sydney Testman, Miguel Luna, Isabella Campos, and the Alabama State Conference of the NAACP (collectively, "Plaintiffs"), by their undersigned counsel, respectfully move the Court, pursuant to Federal Rule of Civil Procedure 65(a), for a preliminary injunction against the enforcement of SB 129 by Alabama Governor Kay Ivey and members of the Board of Trustees for the University of Alabama System in their official capacities (collectively, "Defendants").

SB 129 enacts viewpoint discriminatory restrictions on professors' First Amendment right to speak and students' First Amendment right to learn and engage in extracurricular activities and campus spaces. SB 129 also violates the Fourteenth Amendment because it is so vague that professors and students do not have sufficient notice of what is and is not prohibited in terms of both instruction and receiving state funding for extracurricular activities and spaces. As more fully set forth in Plaintiffs' Memorandum of Support, Plaintiffs are likely to succeed on the merits of their claims and will suffer irreparable harm from the enforcement of SB 129 in the absence of preliminary relief. The balance of equities tilts strongly in their favor, and an injunction protecting their constitutional rights is in accord with the public interest.

Wherefore a preliminary injunction should issue.

Dated this 30th day of January 2025.

Respectfully submitted,

/s/ Alison Mollman
Alison Mollman
ASB-8397-A33C
ACLU of Alabama
PO Box 6179
Montgomery, AL 36106
(510) 909-8908
amollman@aclualabama.org

/s/ Daniel A. Cantor
Daniel A. Cantor*
Arnold & Porter Kaye Scholer LLP
601 Massachusetts Ave, NW
Washington, DC 20001-3743
(202) 942-5000

/s/ Michael Rogoff
Michael A. Rogoff*
Arnold & Porter Kaye Scholer LLP
250 West 55th Street
New York, NY 10019-9710
(212) 836-7684

/s/ Antonio L. Ingram II
Antonio L. Ingram II*
Mide Odunsi*
NAACP Legal Defense
& Educational Fund, Inc.
700 14th Street NW, Ste. 600
Washington, DC 20005
(202) 682-1300

/s/ Carmen Lo
Carmen Lo*
Arnold & Porter Kaye Scholer LLP
3000 El Camino Real
Five Palo Alto Square, Suite 500
Palo Alto, CA 94306-3807
(650) 319-4500

*Pro hac vice

3