# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| CASSANDRA SIMON, SYDNEY TESTMAN, MIGUEL LUNA, ISABELLA CAMPOS, DANA PATTON, RICHARD FORDING, AND THE ALABAMA STATE CONFERENCE OF THE NAACP, <br><br> **Plaintiffs,** <br><br> v. <br><br> **KAY IVEY,** *in her official capacity as Governor of Alabama and President Ex-Officio of the University of Alabama Board of Trustees*; **SCOTT PHELPS,** *in his official capacity as President Pro Tempore of the University of Alabama Board of Trustees*; **MIKE BROCK, KAREN BROOKS, MYLA E. CALHOUN, RONALD GRAY, JEFF GRONBERG, O.B. GRAYSON HALL JR., BARBARA HUMPHREY, W. DAVIS MALONE III, EVELYN VANSANT MAULDIN, HARRIS MORRISSETTE, J. STEVEN ROY, KENNETH SIMON, MARIETTA URQUHART, AND KENNETH VADERVOORT,** *in their official capacities as members of the University of Alabama Board of Trustees*, <br><br> **Defendants.** | **Case No.: 2:25-cv-00067-MHH** |

## **ORDER**

The plaintiffs in this action assert claims against the defendants in their official capacities. The plaintiffs' claims concern the constitutionality of Alabama Senate Bill 129 and the bill's enforcement at the University of Alabama and at UAB. (Doc. 1).

During a February 5, 2025, telephone conference in this matter, the undersigned advised the parties' attorneys of her friendship with the spouse of one of the members of the University of Alabama Board of Trustees. The undersigned explained that she and the trustee's spouse practiced law together before the undersigned became a judge and now typically meet several times a year for lunch or dinner.[1] The Court gave the parties' attorneys time to confer with their clients and directed the attorneys to notify the courtroom deputy if their clients raised a concern.

After the attorney for one of the parties indicated via email that a party had concerns about the undersigned's friendship and asked the undersigned to recuse, counsel for the plaintiffs asked via email for an opportunity to brief the request for

---

[1] Ms. Sabrina Simon and the undersigned practiced law together for several years at Lightfoot, Franklin, and White. The undersigned does not recall the year in which Ms. Simon joined the firm or the year in which she left the firm to become an in-house lawyer, but Ms. Simon left years before the undersigned left in 2012 to become a federal magistrate judge in this judicial district.

2

recusal. The Court set a telephone conference to discuss the matter. (Doc. 21). Based on the parties' remarks, the Court reserved ruling to examine the recusal issue.

The Court has reviewed 28 U.S.C. § 455 and the Code of Conduct for United States Judges, focusing on Canon 3. The Court also has reviewed relevant case law. The Court has found three cases particularly helpful to its assessment of the recusal issue: *Cheney v. United States Dist. Ct. for Dist. of Columbia*, 541 U.S. 913 (2004), for its discussion of the significance of official capacity suits; *United States v. Kelly*, 888 F.2d 732 (11th Cir. 1989), for its broad discussion of judicial recusal; and *In re Reese*, 482 B.R. 530 (Bankr. E.D. Pa. 2012), for the procedure the court followed and the analysis of judicial friendships as they pertain to recusal issues.

Consistent with the procedure in *Reese*, the Court sets this matter for a hearing via Zoom on Thursday, March 13, 2025, at 10:00 AM CST. The parties may present any argument they would like the Court to consider regarding recusal and may offer any authority relevant to the issue. Zoom information will be shared separately via email.

**DONE** and **ORDERED** this March 7, 2025.

_Madeline H. Haikala_
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE