FILED
2025 Mar-10 PM 04:09
U.S. DISTRICT COURT
N.D. OF ALABAMA

```
                 UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF ALABAMA
                       SOUTHERN DIVISION


CASSANDRA SIMON, et al.,      *

          Plaintiffs,         *        2:25-cv-00067-MHH

     vs.                      *        February 5, 2025
                                        3:00 p.m.
KAY IVEY, et al.,             *
                                       Birmingham, Alabama
          Defendants.         *


* * * * * * * * * * * * * * * * * * * * * * * * *

            TRANSCRIPT OF TELEPHONE CONFERENCE
       BEFORE THE HONORABLE MADELINE HUGHES HAIKALA
                UNITED STATES DISTRICT JUDGE

* * * * * * * * * * * * * * * * * * * * * * * * *


For the Plaintiffs:    Antonio L. Ingram, II
                       Alison Nicole Mollman
                       Carmen Lo
                       Ayomide Odunsi
                       Loreal Hawk
                       Daniel Cantor


For Defendant          Alexander Barrett Bowdre
Ivey:                  James W. Davis
                       George Muirhead


For the University     Jay M. Ezelle
Board of Trustees:     Cole Robinson Gresham
                       Samuel Arthur Cochran


Court Reporter:        Leah S. Turner, RMR, CRR
                       Federal Official Court Reporter
```

This cause came to be heard and was heard on the 5th day of February 2025, before the Honorable Madeline Hughes Haikala, United States District Judge, holding court for United States District Court, Northern District of Alabama, Southern Division, in Birmingham, Alabama.

Proceedings continued as follows:

P R O C E E D I N G S

THE COURT: This is Judge Haikala. I hope this finds you all well. We are here today in case 25-67. This is Simon versus Governor Ivey and the members of the Board of Trustees of the University of Alabama.

The Court set this matter for a telephone call because I wanted to let you all know about one person who I know on the Board of Trustees. I don't think that there is a technical reason to recuse in this case, but I do want to disclose this and give you all the opportunity to discuss it.

I worked with Trustee Simon's wife at the law firm where I practiced and we have maintained a friendship since then. Sabrina Simon is the lawyer who I worked with, and we probably see each other four to six times a year for lunch or dinner.

As I understand this action, this action is an official capacity lawsuit to seek a declaration that Alabama Senate Bill 129 is unconstitutional. So, again, I don't see this as any sort of reason for recusal under the Code of judicial canons, but I do think it's appropriate to disclose and if anybody had a concern, the parties could advise the

1  Court and we could go from there.
2          So I wanted to see if anybody had anything you
3  wanted to say today.  I understand this is something that you
4  all probably will want to consult with your clients about.
5          MR. INGRAM:  Antonio Ingram on behalf of plaintiffs.
6  We have to consult, of course, with our clients, but I think
7  as an initial matter I agree with the Court's assessment that
8  this may not be something that warrants recusal.
9          MR. EZELLE:  Judge, this is Jay Ezelle.  I agree
10 with Antonio.  We will consult with our clients.  I can't
11 imagine that anybody would think this is a conflict.  But we
12 will advise, and we certainly appreciate your letting us know.
13 We were also going to -- if it's good for you, Judge, just let
14 you know the current status and our thinking in terms of the
15 motion for preliminary injunction that's filed, and we are
16 working through a briefing schedule and the Rule 26
17 conference, if you would like to hear that now as well.
18         THE COURT:  Let me hear from Mr. Bowdre, please.
19 And I actually know Mr. Bowdre, too, as you all might
20 anticipate.
21         MR. BOWDRE:  Yes, Your Honor.  I think I agree with
22 everything the other two attorneys have said.  We obviously
23 would need to consult with our client but appreciate you
24 bringing the matter to everyone's attention.
25         THE COURT:  Thank you.  And if there is concern, you

1  all can just communicate that, please, to my courtroom deputy.
2  I don't need to know who has expressed concern, but I'll take
3  it from there if I hear anything.
4       Mr. Ezelle, I'm happy to hear whatever you wanted to
5  bring to the Court's attention today.
6       MR. EZELLE:  Thank you, Judge.  I was going to let
7  you know the plaintiffs have filed a motion for preliminary
8  injunction.  We did talk this morning, and we, I think, are in
9  agreement that defendants would respond to that motion by
10 March 7th.  We previously agreed to respond to the complaint
11 on March 25, and so we would do that as well.  And then the
12 plaintiffs were going to file a reply brief -- I think it was
13 going to be the 28th, but I wanted you to confirm that because
14 I never got --
15      MR. INGRAM:  We hadn't established when our reply
16 would be due, given that we were waiting to confirm how many
17 oppositions and motions we will have to contend with, and it
18 sounds like at this point there will be four.
19      MR. EZELLE:  Correct, that's right.  And so it would
20 be two briefs most likely on the preliminary injunction and
21 two briefs, we think, on the motion to dismiss.  As I told
22 Alison this morning, y'all figure out how much time y'all need
23 and we will be fine with that on our end; just let us know on
24 that.
25      And then the only other thing, Judge, we wanted to

1  bring to your attention is -- and we can file a motion on this
2  if you prefer.  In terms of the Rule 26 conference, we have
3  agreed that it made sense, given the motion for preliminary
4  injunction is likely going to be decided really as a legal
5  issue in terms of the constitutionality, it has to be 129, and
6  it's our thought that it doesn't make sense to engage in a
7  bunch of discovery until we know the ruling on that motion,
8  and then we can consult and decide what we need to do after
9  that motion has been decided.
10         I think that makes sense to all the parties, but
11 wanted to make sure that made sense to you as well, Your
12 Honor.
13         THE COURT:  I do think that makes sense, and if
14 that's the parties' agreement, then the Court doesn't need a
15 formal order.  I can just enter a text order that says that
16 consistent with our discussion during this telephone
17 conference, the Court suspends the parties' Rule 26
18 obligations until the preliminary matters in this case have
19 been resolved.
20         And I understand that there may never come a point
21 at which discovery is needed in this case, if it is purely a
22 legal issue, but I think it makes sense to revisit that if we
23 need to after the Court resolves the pending motions.
24         MR. EZELLE:  Perfect.  Thank you, Judge.
25         THE COURT:  Yes.

1  MR. INGRAM: And, Your Honor, I agree with that
2  assessment. I would just want to clarify that our preliminary
3  injunction is solely on our First Amendment and Fourth
4  Amendment claims, but that if this case proceeds to our equal
5  protection claims, there will likely need to be more fulsome
6  discovery.
7  THE COURT: Thank you. That's helpful.
8  Is there anything else that would be -- that you all
9  want to put on the Court's radar today?
10  MR. INGRAM: I think from the plaintiffs'
11  perspective, it would be helpful to know if you anticipate
12  there being oral argument or an evidentiary hearing in this
13  case just given that we would like to work around that
14  schedule.
15  We have clients who have already been threatened
16  with termination based on this law, and so we would like to
17  get this resolved as expeditiously as possible given the
18  schedules of both the Court and counsel in this matter.
19  THE COURT: The Court is always willing to hear oral
20  argument if the parties wanted to have that opportunity, so
21  that's more your call than the Court's right now.
22  Without the benefit of all briefing, I can't know
23  whether or not I would feel like we need oral argument to give
24  us the opportunity to ask questions that we may have after
25  reviewing those briefs.

                With respect to an evidentiary hearing, again, I just need to know a little more about the issues before the Court before making a decision on that, but should a party request it, the Court is amenable to considering that request.

                MR. INGRAM: Thank you, Your Honor. In terms of next steps, I think I would like to propose a reply date to their opposition motions for preliminary injunction and then we can work to submit a joint proposed scheduling order for the Court's consideration.

                THE COURT: That makes sense. I was going to ask you all if you would please provide a proposed briefing order.

                Why don't you all go ahead and continue to talk amongst yourselves, it sounds like everybody is working well together, and come up with that final date for a reply brief, or it may be multiple reply briefs, at least one for anticipated motions to dismiss and one for the preliminary injunction motion. But let us know, please.

                Also, I don't believe I entered our initial order for the case yet because I wanted to talk to you all first. So we will get our initial order in the record once -- how long do you think you need to talk to your clients?

                I really don't want to get too far down the road if there is a concern. So how long do you think you need?

                MR. INGRAM: I think for plaintiffs, close of business tomorrow should be sufficient.

1  MR. EZELLE: Judge, for the Board of Trustee
2  members, just give me a little bit more time. If we just have
3  something maybe by Monday morning. I just don't know their
4  travel schedules and that sort of thing, and I would hate not
5  to be able to reach somebody. I don't expect it to be an
6  issue. I do want to make sure I can reach all of them.
7  THE COURT: Sure.
8  MR. BOWDRE: I think Monday works for the Governor
9  as well, Your Honor.
10  THE COURT: All right. Well, if there is an issue,
11  please identify it to Kim Clark, my courtroom deputy, by the
12  close of business on Monday. And if somebody runs into a
13  problem -- I know there are lots of people involved in this
14  conversation, so I want to be reasonable about the amount of
15  time you have, but balance that against the need to get
16  everything moving.
17  Let Kim know by the close of business Monday, and if
18  you have a timing problem, let us know that as well and we
19  will address it.
20  And then once we know whether I need to make any
21  adjustments because of my disclosure today, I will be in a
22  position to enter the IO and enter any proposed scheduling
23  order that the parties have if I'm still presiding.
24  MR. EZELLE: Perfect. Thank you, Judge.
25  MR. INGRAM: Thank you.

1   THE COURT: All right. Very good. Thank you all
2 for your time today. Take care. Have a good evening.
3      (End of proceedings.)

C E R T I F I C A T I O N

    I hereby certify that the foregoing transcript
in the above-styled cause is true and accurate.


_____

**Leah S. Turner, RMR, CRR**
**Federal Official Court Reporter**