IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| CASSANDRA SIMON, SYDNEY TESTMAN, MIGUEL LUNA, ISABELLA CAMPOS, DANA PATTON, RICHARD FORDING, AND THE ALABAMA STATE CONFERENCE OF THE NAACP,<br><br>Plaintiffs,<br><br>v.<br><br>KAY IVEY in her official capacity as Governor of Alabama and President Ex-Officio of the University of Alabama Board of Trustees, SCOTT PHELPS in his official capacity as President Pro Tempore, University of Alabama Board of Trustees, MIKE BROCK, KAREN BROOKS, MYLA E. CALHOUN, RONALD GRAY, JEFF GRONBERG, O.B. GRAYSON HALL JR., BARBARA HUMPHREY, W. DAVIS MALONE III, EVELYN VANSANT MAULDIN, HARRIS MORRISSETTE, J. STEVEN ROY, KENNETH SIMON, MARIETTA URQUHART and KENNETH VANDERVOORT in their official capacities as members of the University of Alabama Board of Trustees,<br><br>Defendants. | Case No.  2:25-CV-00067-MHH |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY**

1

The Board Defendants' Notice of Supplemental Authority ("Supplemental Notice") (ECF No. 77) does not alter how this case should be resolved.

The Supplemental Notice focuses on the University of Alabama's closure of the Black Student Union ("BSU") space and the Safe Zone space. Throughout this case, the Board Defendants have not disputed that these spaces were closed due to their purported inconsistency with SB 129. The central question with regard to Count Four of the Complaint is whether the closure of the BSU and Safe Zone spaces based on SB 129 violated the First and/or Fourteenth Amendments. As explained previously, the fact that the Board Defendants now believe they could support the closure based on some other law (an argument they did not introduce until after the evidentiary hearing) does not undermine standing or otherwise avoid adjudication of whether the closures pursuant to SB 129 were unconstitutional. *See* Pls. Post-hearing Mem. in Supp. Of Req. for Prelim. Inj., ECF No. 75 at 47-48.

Moreover, the Department of Justice guidance cited in the Supplemental Notice ("Guidance") falls far short of establishing that reopening the BSU and Safe Zone spaces would violate federal law. As an initial matter, the Guidance by its own terms is nothing more than "non-binding suggestions" and does not (and cannot) purport to establish "mandatory requirements". Ex. A[1] at 1-2, ECF No. 77-1. Thus, the guidance is neither legal authority, nor something to which the Court must or should give deference. *See Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 398 (2024) (overruling *Chevron*); *Christensen v. Harris County*, 529 U.S. 576, 587 (2000) ("Interpretations such as those in opinion letters—like interpretations contained in policy

---

[1] The citation is to the Guidance, included as Exhibit A to Board Defendants' Notice of Supplemental Authority.

2

statements, agency manuals, and enforcement guidelines, all of which lack the force of law—do not warrant *Chevron* style deference.")

Still further, the record does not support a finding that reopening the BSU and Safe Zone spaces would run afoul of federal law or the Guidance. The Guidance focuses on spaces that are exclusively for students of a specific race or ethnic group. Ex. A at 4, 6 (also referencing spaces that 'facially discourag[e] access by students of other races and a 'BIPOC-only study lounge').

The record in this case is undisputed that the BSU and Safe Zone spaces were open to all students and did not limit use based on race, gender, sexual orientation, or any other characteristic. Pls. Post-hearing Mem. in Supp. Of Req. for Prelim. Inj., ECF No. 75 at 47-48.  The Guidance does raise the hypothetical of a space that is "technically open to all" but that "creates a perception of segregation" and "may foster a hostile environment."  Ex. A at 6.  The Guidance does not cite a single case or other authority for this proposition.[2]  And critically, there is not a shred of evidence in the record that either the BSU space or the Safe Zone created a perception of segregation or fostered a hostile environment.  The Guidance simply has no application to the case actually before this Court.

For all of these reasons, Plaintiffs respectfully submit that the Court should find that the closure of the BSU and Safe Zone spaces based on SBA 129 was unconstitutional and enjoin the continuing unconstitutional closures.

Dated:  August 11, 2025

---

[2] Much of the Guidance is premised on an over-expansive reading of *Students for Fair Admissions, Inc. v. Harvard*, 600 U.S. 181 (2023) (*SFFA*), which was a decision about raced-based university admissions criteria. *See* Pls. Post-hearing Mem. in Supp. Of Req. for Prelim. Inj., ECF No. 75 at 45-46.

Respectfully submitted,

/s/ Alison Mollman
Alison Mollman
ASB-8397-A33C
ACLU of Alabama
PO Box 6179,
Montgomery, AL 36106
(510) 909-8908
amollman@aclualabama.org

/s/ Daniel A. Cantor
Daniel A. Cantor*
Arnold & Porter Kaye Scholer LLP
601 Massachusetts Ave, NW Washington, DC 20001-3743
(202) 942-5000

/s/ Michael Rogoff
Michael A. Rogoff*
Arnold & Porter Kaye Scholer LLP
250 West 55th Street
New York, NY 10019-9710
(212) 836-7684

/s/ Antonio L. Ingram II
Antonio L. Ingram II*
Mide Odunsi*
Loreal Hawk*
NAACP Legal Defense & Educational Fund, Inc.
700 14th Street NW, Ste. 600
Washington, DC 20005
(202) 682-1300

/s/ Carmen Lo
Carmen Lo*
Arnold & Porter Kaye Scholer LLP
3000 El Camino Real
Five Palo Alto Square, Suite 500 Palo Alto, CA 94306-3807
(650) 319-4500

*Admitted *pro hac vice*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been delivered to all counsel of record by the Court's electronic filing system on this 11th day of August, 2025.

/s/Alison Mollman
Alison Mollman